PEARSON, TILLMAN, Chief Judge.
The plaintiffs, Steve and Madeleine Mar-ko, appeal from a final decree denying them relief in an action they brought for the re-cision of an agreement for deed between the Maricos and the defendants, David and Ernestine Hochman. In addition, they urge as error that portion of the decree which granted relief to the defendants upon the counterclaim.
The plaintiffs were the purchasers and the defendants the sellers of certain realty on which several income-producing apartments were located. The purchase was pursuant to an agreement for deed.
The complaint alleges that a part of the purchase price was paid by the conveyance to the defendants of title to a five acre plot in Dade County, Florida, at an agreed value of $7,500. Thereafter, while the monthly payments called for in the agreement for deed were in default (but prior to the expiration of the thirty day grace period provided in the agreement for deed) the plaintiffs filed their complaint.
The defendants answered and filed a counterclaim which prayed that the plain *508 tiffs be required to surrender possession of the apartment house property and further prayed that the defendants be allowed to retain all payments made including the land conveyed. The payments were claimed as liquidated damages under the following provision in the agreement for deed:
“11. That in the event any of said sums of money provided for in this Agreement for Deed be not promptly and fully paid within thirty (30) days after the payment severally becomes due and payable, or if any of the remaining covenants to be performed by the Purchaser be broken and such breach as to such remaining covenants shall not be cured thirty (30) days after receipt of written notice from the Owner to Purchaser of such broken covenant, then, at the option of the Owner, the interest of the Purchaser shall be terminated and forfeited in this Agreement for Deed and all sums paid hereunder shall be retained by the Owner as liquidated and agreed damages and the Purchaser (sic) shall have the right to re-enter and take possession of the aforesaid premises without being liable to any action thereof and all costs and expenses of any action that may be filed to regain possession thereof, including attorney’s fees, shall be paid by the Purchaser or the Owner may, at his option, declare all sums of money due hereunder immediately due and payable and all costs and expenses of collection of said monies by suit or otherwise, including attorney’s fees, shall be paid by the Purchaser.
“The failure of the Owner to exercise any option herein shall not constitute a waiver to exercise the same at any subsequent time.”
Both parties subsequently filed motions for summary decree and filed numerous affidavits in support thereof. The defendants’ motion was heard some time in January of 1961, at which time the cause was continued and the plaintiffs were given leave to file their motion for summary decree and further proofs. The plaintiffs’ motion together with additional affidavits were then filed and the cause was set for hearing again on the 27th day of February, 1961. At that hearing the court received evidence in the form of exhibits. No order resulting from this hearing appears in the record, but each party agrees that the court found that the title to the apartment house property was not good and marketable and that the plaintiffs were entitled to the relief they sought subject to defendants being granted an opportunity to cure the defect within sixty days. The hearing was transcribed and the specific defect in title referred to by the court appears to be a violation of a setback provision contained in a deed in the chain of title. The deed had been given by the Miami Bank and Trust Company to one Bridgette Murphy on March 16, 1921. The deed contained a covenant prohibiting the erection of any building within twenty feet of the front line of the lot. A survey was filed showing one of the buildings on the property in question to be in violation of this provision.
On March 22nd the defendants filed a petition for rehearing on their motion for summary decree alleging as grounds newly discovered evidence in the form of a quitclaim deed dated August 8, 1958, whereby the Miami Bank & Trust Company as trustee quitclaimed its interest in the property of the defendants. The petition for rehearing was granted and the court heard' the matter on April 4, 1961. Again, no order of the court resulting from this hearing appears in the record, but the parties agree that the court instructed respective counsel to determine whether or not the restrictive covenant appeared on the face of the recorded plat. Testimony was taken at the hearing and we have been furnished a transcript.
Subsequently, the plaintiffs filed a certificate of the Miami Beach Abstract & Title Company reflecting the existence of similar restrictions in the chains of title of other lots in the same subdivision. On June 9,. *509 1961, the court entered an order which stated only that defendants’ motion for summary decree was granted. It appears that two more hearings were held, for neither of which we have a transcript, and on July 11, 1961, the trial judge entered a final decree. The decree forfeited the plaintiffs’ right in the apartment house property and in the acreage by finding the defendants to be the owners of both properties, and ordered the plaintiffs to pay the defendants’ attorneys fees in the amount of $1,750. It is from this decree plaintiffs appeal.
The plaintiffs as appellants urge that the court erred in entering its order dated June 9, 1961, granting defendants’ motion for summary decree. In considering this point, we are faced with a record it is difficult to review. We are inclined to the view that the trial attorneys by their piecemeal presentation of the case have led the Chancellor into an error of procedure. It is not good practice to try a case bit by bit. A cause in chancery is entitled to settled pleadings, the orderly disposition of motions, pretrial if appropriate, and a prompt trial. Whenever possible the trial should be without adjournment because once begun it should be completed while the chancellor, the attorneys and the parties have the subject matter in mind.
The lengthy statement of proceedings necessary in this case illustrates the complexities and even confusion which may result otherwise. For example, it is apparent that the hearing on February 27 began as an adjourned hearing of argument on motions for summary decree but was regarded as part of a trial because evidence was received. Similarly, the hearing on April 4th began as a rehearing of defendants’ motion for summary final decree but the chancellor regarded it as a part of a trial of the cause since testimony was heard.
It appears that the chancellor considered his order of June 9th, granting defendants’ motion, as determinative of the equities in the case because the only matter thereafter considered was the attorney’s fee. Our study of the record convinces us that there are genuine issues of material fact which may not properly be determined upon motion for summary decree. We will refrain from attempting to state the issues because it appears the record before us is incomplete.
The order granting defendants’ motion for summary decree and the final decree are reversed. The cause is remanded with directions to receive such evidence as may properly be presented upon trial and for such other proceedings as may be found appropriate by the chancellor.
Reversed and remanded.